OPINION OF THE COURT
Doris Ling-Cohan, J.
The within motion by nonparty Thyssenkrupp Elevator Americas, pursuant to CPLR 2304 and 3103, to quash a subpoena dated October 24, 2012, served by third-party defendant Corporate Electric Group, Inc., and for a protective order is denied, as the proper procedure for objecting to a subpoena has not been followed.
CPLR 2304, titled “Motion to quash, fix conditions or modify,” provides, in relevant part, that
“[a] motion to quash, fix conditions or modify a subpoena shall be made promptly in the court in which the subpoena is returnable. If the subpoena is not returnable in a court, a request to withdraw or modify the subpoena shall first be made to the person who issued it and a motion to quash . . . may thereafter be made in the supreme court.”
Here, the subject subpoena is not returnable in court, thus, “a request to withdraw” the subpoena was required to have been made to Corporate Electric, prior to the filing of a motion; there has been no showing that such a request to withdraw was made.
Additionally, while the parties fail to cite to CPLR 3122, such section sets forth the procedure for objecting to a subpoena duces tecum and provides, in relevant part, as follows:
“(a) . . . Within twenty days of service of a . . . subpoena duces tecum . . . the . . . person to whom the . . . subpoena ... is directed, if that. . . person objects to the disclosure, inspection or examination, shall serve a response which shall state with reasonable particularity the reasons for each objection. If objection is made to part of an item or category, the part shall be specified . . .
“(b) Whenever a person is required pursuant to such . . . subpoena duces tecum ... to produce docu *452 ments for inspection, and where such person withholds one or more documents that appear to be within the category of the documents required by the . . . subpoena duces tecum . . . to be produced, such person shall give notice to the party seeking the production and inspection of the documents that one or more such documents are being withheld. This notice shall indicate the legal ground for withholding each such document, and shall provide the following information as to each such document, unless the party withholding the document states that divulgence of such information would cause disclosure of the allegedly privileged information: (1) the type of document; (2) the general subject matter of the document; (3) the date of the document; and (4) such other information as is sufficient to identify the document. . .
“(d) . . . The reasonable production expenses of a non-party witness shall be defrayed by the party seeking discovery.”
Thus, in accordance with such procedure, the recipient of a subpoena is first required to provide his or her objections to the discovery sought in a response to the party seeking such discovery, rather than to the court in a motion for a protective order. (See Connors, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3122:l.) “If the parties are then still at odds about their rights and obligations, it is the party who served the . . . subpoena who must bring the dispute to court.” (Id. at 373 [emphasis supplied].) As stated by Professor Siegel:
“Until the early 1990s, a party objecting to a discovery notice was required by CPLR 3122 to state its objections in a motion for a protective order, and to make the motion within 10 days after service of the discovery notice. That procedure was changed in an amendment of CPLR 3122 that took effect in 1994 ....
“The hope of the statute is to have the parties iron out the objections among themselves. Only if the parties can’t resolve their dispute privately is the court to be imposed on with a motion.” (Siegel, NY Prac § 362 at 616, 617 [5th ed 2011].)
Specifically, CPLR 3122 (a) (1) requires that the recipient of a subpoena serve a response, which shall “state with reasonable *453 particularity the reasons for each objection,” within 20 days of such service. Here, in support of the within motion, movant nonparty Thyssenkrupp Elevator has not supplied the court with a copy of such detailed response, nor has it alleged that such a response was supplied; therefore, the motion is denied as the correct procedure for objecting to a subpoena duces tecum has not been complied with.
Moreover, movant failed to supply an affirmation of good faith, as required on this discovery related motion. (See 22 NYCRR 202.7 [a], [c].)*
Accordingly, it is ordered that this motion by nonparty Thyssenkrupp Elevator to quash a subpoena and for a protective order is denied; and it is further ordered that within 30 days of entry of this order, third-party defendant Corporate Electric shall serve a copy of this order upon all parties to this proceeding and nonparty movant Thyssenkrupp Elevator, with notice of entry.

 22 NYCRR 202.7 (a) provides that no motion which relates to discovery shall be filed unless it includes “an affirmation that counsel has conferred with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion.” Such affirmation “shall indicate the time, place and nature of the consultation and the issues discussed and any resolutions.” (22 NYCRR 202.7 [c].)